# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF MICHAEL A. HAGEMEYER, BAR NO. 5344.

No. 78184

**FILED**

JUN 14 2019



ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, an amended conditional guilty plea agreement in exchange for a stated form of discipline for attorney Michael A. Hagemeyer. Under the agreement, Hagemeyer admitted to violating RPC 1.15 (safekeeping property) and agreed to a stayed six-month-and-one-day suspension subject to one year of probation with conditions.

Hagemeyer has admitted to the facts and violation as part of his guilty plea agreement. The record therefore establishes that Hagemeyer violated RPC 1.15 (safekeeping property) by transferring a client's funds out of his trust account for personal use or as fees before he had earned that amount. When the client retained new counsel, Hagemeyer then deposited over $147,000 of his own funds into his trust account so he could transfer those funds to the client's new counsel. Thus, his client ultimately received her funds.

The issue for this court is whether the agreed-upon discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28

19-25761

(1988) (explaining the purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Hagemeyer admitted to knowingly violating a duty owed to his client (safekeeping property). The client was injured because she had to retain new counsel to recover her funds. The baseline sanction before considering aggravating or mitigating circumstances is suspension. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.12 (Am. Bar Ass'n 2017) (providing that suspension is appropriate when "a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client"). The record supports the panel's findings of two aggravating circumstances (prior discipline and substantial experience in the practice of law) and six mitigating circumstances (timely good faith effort to make restitution or rectify consequences of misconduct, full and free disclosure to disciplinary authority or cooperative attitude, character or reputation, mental disability or chemical dependency, imposition of other penalties or sanctions, and remorse). Considering all four factors, we conclude that the agreed-upon discipline is appropriate.

Accordingly, we hereby suspend attorney Michael A. Hagemeyer from the practice of law for six months and one day commencing from the date of this order, with that suspension stayed subject to the following conditions. Hagemeyer will be subject to a one-year probation from the date of this order. During that probation, he shall employ a State Bar-approved CPA to provide monthly reports on Hagemeyer's trust

account with copies of all trust account statements attached to those reports. Additionally, Hagemeyer shall continue treatment with Break Away Health Corporation or report to the Lawyer's Assistance Program for an evaluation and recommended treatment plan. He shall provide the State Bar with quarterly reports regarding his treatment. Further, Hagemeyer shall pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days from the date of this order. Any discipline imposed by the State Bar of California related to the events addressed in this order shall not serve as a violation of Hagemeyer's probation and shall not result in further discipline by the State Bar of Nevada. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____ Pickering _____, J.
Pickering

_____ Parraguirre _____, J.
Parraguirre

_____ Cadish _____, J.
Cadish

cc:    Chair, Southern Nevada Disciplinary Board
Michael J. Warhola, LLC
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court